Henry and Stefanie Sauzet v. Commissioner.
Sauzet v. Commissioner
Docket No. 4746-62.
United States Tax Court
T.C. Memo 1964-62; 1964 Tax Ct. Memo LEXIS 274; 23 T.C.M. (CCH) 432; T.C.M. (RIA) 64062; March 12, 1964
Leonard Bailin, 1472 Broadway, New York, N. Y., for the petitioners. Lionel Savedove for respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1960 in the amount of $239.80. The sole question is whether petitioners are entitled to a deduction for a bad debt. Findings of Fact Petitioners are husband and wife, residing at 610 West 163rd Street, New York 32, New York. They filed a joint income tax return for 1960 with the district director of internal revenue for the Upper Manhattan District of New York. (Petitioner, Henry, is hereinafter referred to as "petitioner" or as "Sauzet. *275 ") In 1954, petitioner loaned $10,000 to Piero Piermattei. They were good friends, Sauzet having lived in Piermattei's house at one time. Piermattei owned a "hotel" at Palenville, New York, and needed the funds to finance his license and to settle debts. Piermattei never rented a room at the hotel to a customer but lived there himself. He deeded it in 1956 to an unrelated individual who had been helping him meet bank payments. He received nothing from her for the property but he continued to live there. He received $43 a month in social security benefits which he lived on, with help from a daughter. He had no other income or assets. Sauzet served a term in prison and was released in 1956. From then until 1960, he visited the hotel on several occasions and asked Piermattei whether he could pay off the loan. On each of these occasions, Piermattei said he was unable to make any payments. Sauzet's loan of $10,000 to Piermattei became worthless at some time prior to January 1, 1960. Opinion We are satisfied, and have so found, that Sauzet made the loan in question and that it became worthless. However, petitioners must also establish that the debt became worthless within the taxable *276 year, namely, 1960. Section 166(a)(1), Internal Revenue Code of 1954. The evidence would seem to indicate that, in all probability, the loan was worthless from and after the time it was made. Subsequently, in 1956, the only asset the debtor had, the so-called "hotel," was transferred by him to another. In any event, there is no evidence whatsoever that the loan became worthless in 1960. Decision will be entered for the respondent.